STATE *vs.* CECIL VICTOR BROWN AND HENRY H. SPELLMAN.
OCTOBER 22, 1917.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, and Baker, JJ.

*( 1 ) Exceptions. Joint Indictments.*

Where, on a joint indictment, the several defendants were each represented by his own counsel, the defences being separate and not joint, an exception taken by one defendant, to the denial of a motion, cannot be subsequently relied on by another defendant in his bill of exceptions, where he did not raise the question, join in the motion or, as appears from the record, was in any way interested therein.

*( 2 ) Exceptions. Joint Indictments.*

Under Gen. Laws, 1909, cap. 298, §§ 9 and 17, a defendant seeking to avail himself of exceptions taken in the superior court must have taken the exceptions there, on his own behalf.

INDICTMENTS. Heard on petitions to establish truth of exceptions. Granted in part.

PARKHURST, C. J. The defendants above named having been found guilty of murder by a jury in the Superior Court in Providence, by verdict rendered on the 5th day of February, 1916, thereafter duly filed their separate bills of exceptions, and the same were brought before the justice of the Superior Court who tried the case for his allowance; and thereafter on October 17, 1916, the justice allowed said bills of exceptions in part, but disallowed certain exceptions stated in each bill.

Thereafter the defendants in due time severally filed their petitions to establish the truth of certain exceptions so disallowed, and the case is now before this court upon those petitions.

It appears that the defendants Brown and Spellman, together with one George W. Healis, were jointly indicted for the murder of one Charles Franklin Mohr, and that Elizabeth F. Mohr was also indicted with said defendants as an accessory before the fact; that prior to trial of the indictment before the jury said Healis pleaded *nolo* to manslaughter and sentence was deferred as to him; and that thereafter from January 11 to February 5, 1916, the trial proceeded against the defendants Brown, Spellman and Mohr; that they were tried together, and that on February 5, 1916, defendant Mohr was found not guilty and discharged, and defendants Brown and Spellman were found guilty, and thereafter alleged and prosecuted their exceptions, each filing his separate bill.

It further appears that the defendant Mrs. Mohr was represented by counsel appearing for her, and that the defendants Brown and Spellman were each represented by counsel other than the counsel appearing for Mrs. Mohr, and during the whole progress of the case both before and at the trial and thereafter the several defendants were each represented by his or her own counsel, and that counsel for Mrs. Mohr did not appear for or represent the other defendants, and that the defences of the several defendants were separate and not joint.

It further appears from the papers in the case that prior to the trial of the case before the jury the defendant, Mrs. Mohr, by her own counsel, who did not represent or purport to represent any other defendants, on October 22, 1915, filed her motion to quash the indictment, on the grounds that the statute under which she was indicted as an accessory before the fact was unconstitutional and invalid under certain provisions of the Constitution of Rhode Island and of the Constitution of the United States; that on November 2, 1915, this motion was denied and exception noted; that on November 2, 1915, the defendant Mrs. Mohr, filed her motion, stating the constitutional questions raised by her motion to quash, and moved that these questions be certified to the Supreme Court to be heard and determined; and that on said November 2, 1915, this latter motion was heard and denied and exception noted.

It further appears upon examination of the separate bills of exceptions filed by the defendant Brown and the defendant Spellman, that of the defendant Brown, being signed by his attorney " Wm. H. Lewis," and that of the defendant Spellman, being signed by his attorney " Jno. B. Edwards," that upon each bill of exceptions the " Third " exception is stated substantially as follows: " THIRD: The exception, taken by the defendant Elizabeth F. Mohr who was jointly indicted and tried with this defendant, to a decision of a justice of the Superior Court, denying the motion of the said defendant Elizabeth F. Mohr, to certify up to the Supreme Court, the constitutional question, duly set out in said motion; said exception being duly made, allowed and noted upon the record of said case; and upon which exception duly made and allowed and noted as above set forth this defendant, Henry H. Spellman," (Cecil Victor Brown), " now relies and includes in this his Bill of Exceptions."

It further appears that the trial justice, October 17, 1916, disallowed exception " Third," above stated, on

34

both bills of exceptions for the reason stated in his disallowance, that " the motion and exceptions to the ruling thereon in each case was made by the defendant Mohr."

The petition of the defendant Brown to establish the truth of his exceptions, now under consideration, seeks only to establish the truth of this one exception " Third "; the petition of defendant Spellman seeks to establish the truth of exception " Third ", and also of exceptions " Thirty-third " and " Fifty-third ", which were also disallowed, and which will be considered later.

In our opinion both of the petitions to establish the truth of exception " Third ", which is the same in both, (1) must be denied. This exception was taken on behalf of defendant Mohr by her counsel who represented her only and did not represent these other defendants. They did not raise these constitutional questions, did not join in her motion and do not appear from the record to be or to have been in any way interested therein. The statute relating to exceptions (Chap. 298, Gen. Laws 1909, Sec. 9 and Sec. 17) expressly provides: " Sec. 9. The accused in a criminal proceeding, and any party to a civil action, or any person interested in a probate or other appeal, pending in the superior court, tried by a jury, aggrieved by any ruling, direction, or decision of the superior court upon any matter of law or upon a motion for a new trial, may except thereto." . . . ." Sec. 17. Any person or party who has taken exceptions in the superior court may prosecute a bill of exceptions to the supreme court by taking the following procedure," &c. It is quite obvious from the above quoted language that if these defendants here were " aggrieved " by the ruling or decision of the superior court in denying Mrs. Mohr's motion to certify constitutional questions to this court they should have taken exception thereto in the Superior Court. It cannot be held, as contended on behalf of these defendants, that because these defendants and Mrs. Mohr were tried together under one indictment, each of these defendants

should be able to avail himself of exceptions taken solely on behalf of Mrs. Mohr at a preliminary hearing on a question, which so far as the record discloses, solely interested Mrs. Mohr, in which they were not interested and in which they took no part. If the position here taken by these defendants were tenable, it would result that, although all the defendants were separately defended each by his own counsel and made different and distinct defences, counsel for each defendant should be deemed for the purposes of subsequent procedure after trial, in the prosecution of exceptions, to have been the agents (2) and representatives of each of the other defendants, although they had not been appointed or selected for such purpose. We think the language of the statute plainly intends that the defendant seeking to avail himself in this court of exceptions taken in the Superior Court must have taken the exceptions there, on his own behalf. If these defendants had desired to raise the same constitutional questions in the Superior Court as were raised on behalf of Mrs. Mohr, they could have done so, just as they did raise other questions which were not raised by Mrs. Mohr, and as to which they are now prosecuting their exceptions. In view of the plain language of the statute above quoted, we find nothing in the argument of counsel for these defendants that in any way disturbs our conclusion, that as to the " Third " exception, the petitions of both defendants must be denied.

The petition of defendant Brown relates only to the " Third " exception. The petition of defendant Spellman seeks to establish the truth of exceptions " Third ", " Thirty-third " and " Fifty-third " in said Spellman's bill of exceptions, said exceptions having been disallowed by the trial justice. As before stated exception " Third " is the same in both bills of exceptions; exceptions " Thirty-third " and " Fifty-third " are not the same in both bills of exceptions; those so numbered in the Spellman bill related to matters entirely different from those

so numbered in the Brown bill; the trial justice seems to have acted upon the supposition that they were identical, and disallowed them in both bills for the same reasons. As to this disallowance, Brown in his petition seeks no relief; but Spellman in his petition does ask that the truth of his exceptions "Thirty-third" and "Fifty-third" be established. We find that Spellman's exceptions "Thirty-third" and "Fifty-third" are stated properly in his bill as they appear in the transcript of testimony, and that the trial justice was in error in disallowing them.

It is therefore ordered that the petition of Cecil Victor Brown to establish the truth of certain exceptions filed October 27, 1916, be denied; that the petition of Henry H. Spellman to establish the truth of certain exceptions filed October 27, 1916, be denied as to his exception "Third" and be granted as to his exceptions "Thirty-third" and "Fifty-third" and that exceptions "Thirty-third" and "Fifty-third" stand as a part of the said Spellman's bill of exceptions.

*Herbert A. Rice,* Attorney General, for State.
*John B. Edwards,* for defendant Spellman.
*Wm. H. Lewis,* for defendant Brown.